UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUSA FRANCHISOR SPV LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MODA COLLISION REPAIR, LLC dba FIX AUTO VANCOUVER-WALNUT GROVE, a Washington limited liability company; and ANDREY STEFANCO, an individual,<br><br>Defendants. | Case No.: 23-CV-1559 JLS (BGS)<br><br>**ORDER DENYING DEFENDANT ANDREY STEFANCO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(ECF No. 8) |

Presently before the Court is Defendant Andrey Stefanco's Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 8). Plaintiff FUSA Franchisor SPV LLC ("Plaintiff" or "FUSA") filed an Opposition to the Motion ("Opp'n," ECF No. 9), and Defendant submitted a Reply ("Reply," ECF No. 13). The Court previously took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 12. Having carefully reviewed the Parties' arguments and the law, the Court **DENIES** Defendant's Motion.

///

///

# BACKGROUND[1]

Defendant MODA Collision Repair, LLC ("MODA") is a Washington State limited liability company. Compl. ¶ 6. On May 31, 2019, MODA entered into a "Fix Auto Franchise Agreement" (the "Franchise Agreement") with FUSA, Inc.[2] *Id.* ¶ 8. Under the Franchise Agreement, MODA was to operate a Fix Auto Shop (the "Shop") in Vancouver, Washington, through May 30, 2024. *Id.* ¶¶ 8–9. The Franchise Agreement required MODA to, among other things, pay FUSA certain fees. *Id.* ¶ 12.

The Franchise Agreement also required owners with a stake of 10% or greater in MODA to execute a personal guaranty (the "Personal Guaranty"). *Id.* ¶ 10. Stefanco, as the sole owner of MODA, signed the Personal Guaranty. *Id.* Under the terms of the Personal Guaranty, Stefanco promised to "immediately make each payment required of" MODA in the event MODA failed to keep up its end of the bargain. ECF No. 1-2 at 59.[3]

The week of August 31, 2020, MODA began defaulting on its obligations. Compl. ¶ 13. When MODA failed to resume payments, FUSA twice served MODA and Stefanco with notices of default: once in June of 2021 and once in July of 2022. *Id.* ¶¶ 15–16. FUSA later received word that MODA sold the Shop, without FUSA's permission or input, on September 30, 2022. *Id.* ¶ 17. Per FUSA, this unauthorized sale represented a material breach of the Franchise Agreement, so FUSA sent MODA and Stefanco notices of termination. *Id.* ¶¶ 18–19. That notice informed Defendants that FUSA was seeking payment for "all amounts of any kind owed . . . in conjunction with the transfer, termination or expiration of the Franchise." *Id.* ¶ 20. Defendants failed to comply. *See id.* ¶¶ 21–22.

---

[1] The facts alleged in Plaintiffs' Complaint are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

[2] Plaintiff FUSA is the successor-in-interest to FUSA, Inc. Compl. ¶ 4.

[3] Pin citations to docketed material in this Order refer to the CM/ECF page numbers stamped across the top margin of each page.

Also unbeknownst to FUSA, Stefanco filed a petition under Chapter Seven of the United States Bankruptcy Code on May 6, 2020. *Id.* ¶ 23. Stefanco failed to list the Personal Guaranty on his bankruptcy paperwork, nor did he seek to have FUSA informed of the bankruptcy proceedings. *See id.* ¶ 24. Then, in September of 2020, the United States Bankruptcy Court for the Western District of Washington entered an Order discharging "most" of Stefanco's debts pursuant to 11 U.S.C. § 727. *Id.* ¶¶ 23, 26.

Plaintiff initiated this action on August 24, 2023. Plaintiff seeks a declaratory judgment stating that Stefanco's bankruptcy discharge does not apply to any debts he owes under the Personal Guaranty. *See id.* ¶¶ 27–31. The Complaint also raises a claim for breach of the Franchise Agreement against MODA, and a breach of personal guaranty claim against Stefanco. *See id.* at 7–9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, then, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This review requires a context-specific analysis that involves the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

Defendant contends the Complaint's claims against him must be dismissed because (1) Plaintiff's breach of personal guaranty claim is barred by the bankruptcy court's discharge injunction under 11 U.S.C § 524; (2) Plaintiff's claim for declaratory relief relies entirely on the personal guaranty claim and so must also be dismissed; and (3) in any event, this forum is improper. *See generally* Mot. The Court addresses each argument in turn.

**I.    Defendant's Discharge Injunction Defense**

Defendant argues any claim Plaintiff may have had was discharged, so "the discharge injunction . . . prohibits Plaintiff from proceeding" with its breach of personal guaranty claim. *Id.* at 9. Defendant cannot prevail with that argument at this stage.

Defendant relies on two statutory provisions. First is 11 U.S.C. § 727(b), through which "a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter." Defendant argues Plaintiff's claim "arose before" the bankruptcy court entered an order of discharge in Defendant's case.[4] Plaintiff does not dispute that point, so the Court presumes but does not decide that Defendant is correct. Next comes 11 U.S.C. § 524(a), which states that a "discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). In short, Defendant argues that because his debt was discharged pursuant to § 727(b), Plaintiff is

---

[4] The order of discharge was entered on September 8, 2020. Compl. ¶ 26.

enjoined from bringing its personal guaranty claim by § 524(a).

As Plaintiff notes, however, § 727(b) is subject to the exceptions provided in § 523. *Id.* § 727(b). And per § 523,

> A discharge under section 727 . . . does not discharge an individual debtor from any debt neither listed nor scheduled . . . with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

*Id.* § 523(a)(3)(A). "The language contained in § 523(a)(3)(A) is clear and not ambiguous: a debt is excepted from discharge if the creditor was neither listed nor scheduled and did not otherwise know of the bankruptcy case in time to file a timely [proof of claim]." *In re Mahakian*, 529 B.R. 268, 275 (B.A.P. 9th Cir. 2015).

Per Plaintiff, Defendant did not list Plaintiff's personal guaranty claim on his bankruptcy schedule, name Plaintiff "or any of its affiliates as creditors," nor include Plaintiff "or any of its affiliates on his mailing matrix." Compl. ¶ 24. So, Plaintiff argues, it was neither scheduled nor given notice of Defendant's bankruptcy case in time to file a proof of claim. *See* Opp'n at 9. Plaintiff asks the Court to take judicial notice of records from Defendant's bankruptcy proceedings, a request the Court grants,[5] to bolster its argument. Bankruptcy court documents dated June 6, 2020, and September 8, 2020, appear to confirm Plaintiff's contentions—Plaintiff had not been scheduled or given formal notice as of those dates. *See generally* ECF No. 9-2. If true, this suggests Plaintiff's breach of personal guaranty claim could be excepted from the § 524 injunction.

Countering, Defendant claims Plaintiff *did* receive notice of the bankruptcy proceedings after Defendant filed supplemental paperwork. In support, Defendant points

---

[5] Courts may take "judicial notice of the dockets for the bankruptcy proceedings and filings made in the bankruptcy proceedings, as judicial notice may be taken of court records." *Ng v. US Bank, NA*, No. 15-CV-04998-KAW, 2016 WL 6995884, at *3 (N.D. Cal. Nov. 30, 2016) (citations omitted), *aff'd*, 712 F. App'x 665 (9th Cir. 2018).

to an amended Official Form 106E/F, which indicates Defendant added "Fix Auto Corporate" as an unsecured creditor in his case on September 16, 2022. ECF No. 13-2 at 5, 7.[6] Records further show that the amended schedule was mailed to Fix Auto Corporate at a San Diego address on September 19 of the same year. *See id.* at 9. Per Defendant, FUSA "also operates under the name Fix Auto" and uses the same San Diego address as Fix Auto. Reply at 2 n.1. So, Defendant argues, Plaintiff had notice of its opportunity to pursue its claim in bankruptcy court almost a year before Plaintiff initiated this case.

Defendant's argument, though not without some logical appeal, has multiple flaws. For one thing, while it appears plausible to the Court that FUSA and "Fix Auto" are at the very least closely connected companies, the Parties briefing does not address whether notice to a related entity would satisfy § 523(a)(3)(A)'s requirements, nor whether the alleged notice provided Plaintiff with enough time to file a proof of claim. Moreover, Defendant fails to cite any judicially noticeable sources to support its assertion that FUSA and Fix Auto are one and the same. *See id.* (citing "buzzfile.com" and "Plaintiff's Dun & Brandstreet credit profile" without elaboration); *see also Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 1:16-CV-5735-GHW, 2017 WL 2600051, at *3 (S.D.N.Y. June 15, 2017) (denying motion to dismiss where nothing in the "[c]omplaint or any other material that the Court [could] properly consider" showed plaintiffs "had notice or actual knowledge of the bankruptcy case").

More fundamentally, the foregoing questions involve contested factual issues that are not amenable to resolution at this stage. *Cf. Garrett Tr. for Estate of Taylor v. Rothschild*, No. C18-5863 BHS, 2019 WL 1957929, at *7 (W.D. Wash. May 2, 2019) ("Affirmative defenses are not properly raised on a motion to dismiss if they involve disputed questions of fact."). Defendant's Motion rests on particularly shaky grounds because "the burden is on the debtor to show notice to the creditor," and, "given the posture

---

[6] The Court grants Defendant's Request for Judicial Notice for the same reason the Court granted Plaintiff's. *See Ng*, 2016 WL 6995844, at *3.

of this case, the [C]ourt draws all inferences in favor of the nonmoving party." *Jarreau-Griffin v. City of Vallejo*, 531 B.R. 829, 832–33 (E.D. Cal. 2015) (citing *In re Maya Const. Co.*, 78 F.3d 1395, 1399 (9th Cir.1996)).  Defendant's attempt to dismiss this action on § 524 grounds is thus premature at best.

## II.     Claim for Declaratory Relief

Defendant next argues Plaintiff's claim for declaratory relief must fail.  Defendant explains that "to state a claim for declaratory relief under federal law," Plaintiff "must allege and prove a 'substantial controversy between the [P]arties exist." Mot. at 5.  In the Complaint, Plaintiff contends such a controversy exists "regarding the applicability of Stefanco's bankruptcy discharge and the injunction . . . to the claims asserted by Plaintiff." Compl. ¶ 28.  But "no such dispute can exist," Defendant claims, "because the debt has already been discharged" and Plaintiff is enjoined from bringing its personal guaranty claim. Mot. at 6.  Defendant's declaratory judgment contention thus relies entirely on the success of his discharge injunction defense.  As the Court rejects said defense at this stage of the proceedings, Defendant's declaratory judgment argument also fails.

## III.    Wrong Venue

Finally, Defendant argues this case should be dismissed because "the Bankruptcy Court is a more suitable forum for the claims to be heard and determined." Mot. at 9.  To that end, Defendant contends that the issues in this case are closely "connected with the bankruptcy estate," and are therefore "inherently matters" which "the Bankruptcy Court has been entrusted to resolve." *Id.* at 10.

The Court is not convinced.  As Plaintiff points out, Defendant's bankruptcy proceedings have been closed for some time. *See* Opp'n at 15.  It is therefore unclear *why* dismissing this action and sending the Parties to another court would be the most efficient path forward.  And to the extent Defendant means to imply that the bankruptcy court has exclusive jurisdiction over this matter, he is mistaken. *See DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, at *2 (D. Idaho June 8, 2005) (noting district courts and bankruptcy courts concurrently hold jurisdiction over "dischargeability" issues).

Indeed, the sole case Defendant cites supports the same conclusion. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (explaining a jurisdictional statute's phrasing needed to be interpreted broadly to allow bankruptcy courts *and* district courts to effectuate Congress's intentions).

## CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 5, 2024

Hon. Janis L. Sammartino
United States District Judge